**B104 (FORM 104) (08/07)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## TB2/UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Allison Hunter Brown, | ) | Case # 14-01565-dd |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Michelle L. Vieira as Chapter 7 Trustee for | ) | |
| Allison Hunter Brown, | ) | |
| | ) | Adv. Pro. No. 15-80___-dd |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Christine B. Brown, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Michelle L. Vieira ("Trustee"), as Chapter 7 Trustee for Allison Hunter Brown ("Debtor"), hereby alleges against Christine B. Brown ("Defendant") the following:

### PARTIES

1. Trustee is the Chapter 7 Trustee of the Debtor, appointed on March 18, 2014.

2. Defendant is a citizen and resident of Georgetown County, South Carolina.

### JURISDICTION

3. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

4. On March 18, 2014 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court"), Case No. 14-01565-dd (the "Bankruptcy").

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 157, and Local Civil

   Rule 83.IX.01 DSC.

6. This is a core proceeding by virtue of 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

7. Trustee consents to the entry of final order or judgment by the Bankruptcy Court.

## BACKGROUND

8. Debtor is or has been owner or co-owner of many legal entities, including but not limited to Hunter Brown Development, LLC ("HBD"); Hunter Brown Consulting, LLC ("HBC"); and B&B Properties of Myrtle Beach, LLC ("B&B").

9. From January 2009 to the Petition Date, Debtor owned 100% of HBD and HBC and owned 50% of B&B.

10. From January 2009 to the Petition Date, Debtor was a managing member of HBD, HBC, and B&B.

11. As 100% owner and managing member of HBD and HBC, Debtor completely controlled these entities and was legally entitled to receive 100% of all profits from these entities.

*Funds Transferred to Defendant*

12. From January 2009 – March 2014, Debtor, either individually or through HBD or HBC, transferred at least $463,194.59 to Defendant (the "Monetary Transfers").

13. At the time of the Monetary Transfers, Debtor was indebted to at least one existing creditor (the "Existing Creditor"), who continues to have an allowable unsecured claim for this debt in the Bankruptcy.

14. The Debtor received no consideration for the Monetary Transfers.

15. Debtor failed to retain sufficient assets with which to satisfy the Existing Creditor.

*Residence Titled in Defendant's Name*

16. On or around March 31, 2006, B&B purchased property located at 23 Damon Loop in Murrells Inlet, South Carolina (the "Residence").

17. The deed evidencing this purchase was recorded on or around June 1, 2006 in the Georgetown County Register of Deeds.

18. On or around January 21, 2009, B&B sold the Residence to the Debtor.

19. Instead of titling the Residence in the Debtor's name, the Residence was titled entirely in the Defendant's name (the "Residence Titling").

20. At the time of the Residence Titling, the Residence was encumbered by a mortgage from B&B to Conway National Bank with an outstanding balance in excess of $430,000.

21. On or around January 26, 2009, Defendant and Debtor executed a note and mortgage in favor of Bank of America in the amount of $417,000.

22. The proceeds of the loan from Bank of America were used to pay a portion of the outstanding balance owed to Conway National Bank by B&B.

23. At the closing of the loan from Bank of America (the "BOA Closing"), Debtor paid an additional $29,247.16 (the "Additional Funds") in order to fully satisfy the Conway National Bank mortgage and pay the remaining closing costs.

24. Defendant did not have an independent source of income at the time of the Residence Titling or of the BOA Closing, and her only source of income at either of those times was from Debtor or Debtor's entities.

25. The Additional Funds came from the Debtor.

26. After the Residence Titling, Debtor and Defendant lived in the Residence

together, and Debtor had full use and enjoyment of the Residence.

27. Defendant did not have any source of income, other than income earned by the Debtor or his entities, from the Residence Titling until March 2012.

28. Defendant did not have any source of income, other than income earned by the Debtor or his entities, from December 2013 until the Petition Date.

29. The monthly mortgage payments for the Residence are in excess of $2,100.

30. As of the Petition Date, there was also a second mortgage on the Residence with a monthly payment in excess of $300.

31. At the time of the Residence Titling, Debtor was indebted to the Existing Creditor.

32. At the time of the Residence Titling, the Debtor was a guarantor for millions of dollars in loans made to B&B, HBD, and other entities in which the Debtor was a member.

33. The funds used to make the mortgage payments on the Residence from the Residence Titling until March 2012 and from December 2013 until the Petition Date came solely from the Debtor.

34. Debtor and Defendant both contributed to the mortgage payments from March 2012 to December 2013.

35. HBD's website, hunterbrown.com, lists the Residence for sale and refers to it as the "[b]uilder's personal home."

36. The "builder" is the Debtor.

37. On or around January 15, 2014, Defendant entered into a lease agreement, which became effective February 17, 2014, for the Residence and containing an option

to purchase.

38. Debtor prepared the lease agreement and drafted the additional provisions regarding the purchase option.

39. To date, record title indicates that Defendant is the only sole owner of the Residence.

## FOR A FIRST CAUSE OF ACTION
### (Fraudulent Conveyance Pursuant to 11 U.S.C. § 544 & S.C. Code Ann. § 27-23-10 as to the Monetary Transfers)

40. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

41. The Monetary Transfers were voluntary.

42. At the time of the Monetary Transfers, the Debtor was indebted to the Existing Creditor.

43. The Existing Creditor remains unpaid and currently has an allowable claim in the Bankruptcy.

44. The Debtor failed to retain sufficient property to pay the indebtedness due to the Existing Creditor.

45. The Monetary Transfers are voidable by the Trustee under S.C. Code § 27-23-10 and 11 U.S.C. § 544 as fraudulent conveyances.

## FOR A SECOND CAUSE OF ACTION
### (Fraudulent Conveyance Pursuant to 11 U.S.C. § 548(a)(1)(B) as to the Monetary Transfers)

46. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

47. From January 2009 to March 2014, the Debtor made the Monetary Transfers to

the Defendant.

48. The Monetary Transfers to Defendant were without valuable consideration and were for less than the reasonably equivalent value of the property conveyed.

49. The Monetary Transfers were voluntary.

50. The Monetary Transfers occurred during a time when the Debtor was insolvent.

51. A portion of the Monetary Transfers was made on or within two years of the Petition Date, from March 18, 2012 to March 18, 2014.

52. Pursuant to 11 U.S.C. § 548(a)(1)(B), the Trustee is entitled to avoid the Monetary Transfers made on or within two years of the Petition Date.

### FOR A THIRD CAUSE OF ACTION
### (Fraudulent Conveyance Pursuant to 11 U.S.C. § 544 & S.C. Code Ann. § 27-23-10 as to the Residence Titling)

53. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

54. The Residence was paid for by the Debtor but was placed only in the Defendant's name.

55. Defendant and Debtor are both liable for the debt to Bank of America, which was used to acquire the Residence.

56. The Additional Funds paid by Debtor at the BOA Closing came from the Debtor.

57. Almost every monthly mortgage payment from the Residence Titling until the Petition Date came from the Debtor.

58. The use of the Bank of America funds to pay the Conway National Bank mortgage was voluntary and without consideration, as the Debtor is not shown as the record owner of the Residence.

59. The payment of the Additional Funds at the BOA Closing was voluntary and without consideration, as the Debtor is not shown as the record owner of the Residence.

60. The payment by the Debtor of the monthly mortgage payments was voluntary and without consideration as the Debtor is not the record owner of the Residence.

61. The Debtor was indebted to the Existing Creditor at the time of the Residence Titling.

62. Debtor has failed to retain sufficient assets to pay the Existing Creditor.

63. The Residence Titling is voidable by the Trustee under S.C. Code § 27-23-10 and 11 U.S.C. § 544 as a fraudulent conveyance.

**FOR A FOURTH CAUSE OF ACTION**
**(Recovery of Avoided Monetary Transfers – 11 U.S.C. § 550(a)(1))**

64. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

65. The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 544 and S.C. Code Ann. § 27-23-10.

66. Further the Trustee is entitled to avoid the Transfers to Defendant made on or within two years of the Petition Date, which consists of all Transfers made on or between March 18, 2012 and March 18, 2014, pursuant to 11 U.S.C. § 548(a)(1)(B).

67. Defendant was the initial transferee of the Monetary Transfers or was the entity for whose benefit the Monetary Transfers were made.

68. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendant the Monetary Transfers.

## FOR A FIFTH CAUSE OF ACTION
### (Recovery of Avoided Transfer – 11 U.S.C. § 550)

69. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

70. The Trustee is entitled to avoid the Residence Titling pursuant to 11 U.S.C. § 544 and S.C. Code Ann. § 27-23-10.

71. Defendant was the initial transferee of the title of the Residence.

72. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendant title to the Residence.

## FOR A SIXTH CAUSE OF ACTION
### (Declaratory Judgment as to the Residence)

73. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

74. The Additional Funds at the BOA Closing came from the Debtor.

75. Almost every monthly mortgage payment from the Residence Titling until the Petition Date has come from the Debtor.

76. Debtor executed a note in favor of Bank of America which is secured by the Residence and from which the proceeds were used by Defendant to purchase the Residence.

77. The Debtor has contributed substantially to the purchase and maintenance of the Residence.

78. The Debtor's website states that the Residence is the Debtor's personal residence.

79. The Debtor prepared a lease to own agreement regarding the Residence.

80. The Debtor holds himself out as owner of the Residence and acts as if he is the

owner of the Residence.

81. Debtor's behavior is sufficient to establish that he has at least an equitable ownership interest in the Residence.

82. Trustee is entitled to a declaratory judgment finding that Debtor is the actual owner of the Residence and that the Residence is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

### FOR A SEVENTH CAUSE OF ACTION
(Turnover Pursuant to 11 U.S.C. § 542)

83. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

84. As of the Petition Date, the Debtor was entitled to be an owner of the Residence as he had contributed almost exclusively to its purchase and maintenance.

85. Pursuant to 11 U.S.C. § 541, Debtor's ownership interest in the Residence is property of the bankruptcy estate.

86. Defendant is in possession, custody or control of the Residence.

87. The Trustee is entitled to an order requiring Defendant to deliver title to the Residence, or the value of such ownership interest, to the Trustee pursuant to 11 U.S.C. § 542.

### FOR AN EIGHTH CAUSE OF ACTION
(Constructive Trust as to the Residence)

88. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

89. The Debtor has made substantial payments towards the acquisition and maintenance of the Residence including the Additional Funds and the monthly

mortgage payments.

90. By not causing the Residence to be titled in his name, the Debtor improperly transferred his ownership interest in the Residence to Defendant.

91. The Defendant has retained title to the Residence to the detriment of the Debtor who is beneficially entitled to ownership of the Residence.

92. When the Debtor filed Chapter 7, any interest that he had in the Residence was transferred to the Trustee.

93. The Debtor's bankruptcy estate should not be deprived the benefit of the Residence due to Debtor's and Defendant's failure to properly title the Residence in Debtor's name.

94. As a result, the Defendant is merely holding the Residence in a constructive trust for the benefit of the Trustee.

95. The Trustee is entitled to an order finding that the Defendant holds title to the Residence in constructive trust for the benefit of the Trustee and requiring the Defendant to transfer title to the Residence to the Trustee.

WHEREFORE, having fully set forth her Complaint, the Trustee prays that the Court issue an Order and Judgment against Defendant granting the following relief:

1. Judgment against Defendant for avoidance of the Monetary Transfers pursuant to 11 U.S.C. § 544 and S.C. Code Ann. § 27-23-10 and for recovery of the avoided Monetary Transfers pursuant to 11 U.S.C. § 550;

2. As an alternative to (1) above, judgment against Defendant for avoidance of the Monetary Transfers made on or between March 18, 2012 and March 18, 2014, pursuant to 11 U.S.C. § 548(b)(1)(A) and for recovery of those amounts

   pursuant to 11 U.S.C. § 550;

3. Judgment against Defendant for avoidance of the Residence Titling pursuant to 11 U.S.C. § 544 and S.C. Code Ann. § 27-23-10 and for recovery of title to the Residence pursuant to 11 U.S.C. § 550;

4. An order finding that the Debtor is the actual owner of the Residence and that the Residence is property of the estate pursuant to 11 U.S.C. § 541;

5. An order requiring Defendant to deliver title of the Residence, or the equivalent value of such ownership interest, to the Trustee pursuant to 11 U.S.C. § 542

6. An order finding that Defendant holds title to the Residence in a constructive trust for the benefit of the Trustee and requiring Defendant to transfer title of the Residence to the Trustee; and

7. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED on this the 25th day of February, 2015, at Columbia, South Carolina.

                                BARTON LAW FIRM, P.A.


                        BY:    /s/Barbara George Barton
                               Barbara George Barton, #1221
                               Adam J. Floyd, #10749
                               Barton Law Firm, P.A.
                               Attorneys for the Trustee
                               1715 Pickens Street
                               P. O. Box 12046
                               Columbia, South Carolina 29211
                               Tele: (803) 256-6582
                               Fax: (803) 779-0267